**In re ENERGY SAVING CENTER, INC., Debtor.**

**Leo Francis DOYLE, trustee of the estate of Energy Saving Center, Inc., Plaintiff,**

**v.**

**Louis DiPAOLINO, Jr., Defendant.**

**Bankruptcy No. 82–05070G.**
**Adv. No. 82–3480G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 2, 1984.

Henry Wessel, Wessel & Carpel, Philadelphia, Pa., for trustee/plaintiff, Leo Francis Doyle.

Leo Francis Doyle, Philadelphia, Pa., Trustee/plaintiff.

Kenneth S. Shapiro, William Shapiro, P.C., Bala Cynwyd, Pa., for defendant, Louis DiPaolino, Jr.

Howard S. Klein, Media, Pa., for debtor.

### OPINION

EMIL F. GOLDHABER, Chief Judge.

The question before us is whether we should grant a trustee's motion for summary judgment in this proceeding against a lessor to avoid a transfer pursuant to section 547(b) of the Code. Because we conclude that there are material issues of fact regarding the existence of the necessary

elements for a voidable preference, we will deny the motion.

The facts of the case, in light of the standard for granting summary judgment, are as follows:[1] In November of 1979, Louis DiPaolino, Jr. ("the lessor") leased certain property to Norman A. Council ("Council"). One month later, Energy Saving Center, Inc. ("the debtor"), with Council as its president, commenced business operations at the location. In early October of 1982, the lessor and Council rescinded their lease agreement, and Council transferred the contents of the leased premises to the lessor in satisfaction of rental arrearages. On October 22, the debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code ("the Code"). The trustee instituted an adversary proceeding to avoid the transfer pursuant to section 547(b) of the Code. The trustee subsequently filed a motion for summary judgment pursuant to Fed.R. Civ.P. 56 which is incorporated in this proceeding through Bankruptcy Rule 7056. The motion was opposed by the lessor who sought to implead Council as a third party defendant, pursuant to Fed.R.Civ.P. 14 which is incorporated in this proceeding through Bankruptcy Rule 7014.

■ The granting of summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions and affidavits indicate that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). On a motion for summary judgment, it is the function of the court to determine whether a triable issue exists, rather than to resolve the issue. *Lockhart v. Hoenstine,* 411 F.2d 455 (3d Cir.1969), *cert. denied,* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969).

■ Section 547(b) provides that the trustee may avoid any transfer of property of the debtor

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

In order for the trustee to prevail on a motion for summary judgment, he must establish that there are no material issues of fact present with respect to any of the necessary elements for a voidable preference. The facts of the case before us do not support this conclusion.

As we stated above, Council transferred the contents of the leased premises to the lessor in satisfaction of rental arrearages several weeks before the debtor filed its petition for relief. The trustee alleges that this transfer of property, on account of an antecedent debt, made within 90 days of the filing of the petition, satisfies the requirements imposed by § 547(b)(1), (2) and (4).

While admitting that the transfer took place, the lessor claims that the antecedent

---

**1.** In considering a motion for summary judgment, the court must resolve any doubt as to the existence of genuine issues of fact against the moving party. *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402 (3d Cir.1981).

debt was owed by Council, as an individual, rather than by the corporate debtor. The lessor further contends that any transfer of property of the debtor took place between the debtor and Council, and that Council is liable to the trustee as the transferee of the debtor's property.

The affidavit and papers submitted by the trustee to substantiate his position that the debtor owed the antecedent debt are inconclusive.[2] Moreover, the trustee failed to provide any support for his allegation that the requirements imposed by § 547(b)(3)[3] and (5) have been satisfied.

Because we conclude that there are material issues of fact present with respect to the necessary elements for a voidable preference, we will deny the motion for summary judgment, and list the matter for trial. Since the lessor asserts that Council is liable for the trustee's claim, we will also grant his motion to bring in Council as a third party defendant in the proceedings.

Lawrence Friedman, Chicago, Ill., for Michael Reese Hosp.

Groupe & Katz, Chicago, Ill., for debtors.

---

2. Affidavits submitted under Rule 56 must be made on personal knowledge, setting forth such facts as would be admissable in evidence, and showing affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers referred to in an affidavit must be served therewith. Fed.R.Civ.P. 56(e).

3. Section 547(f) of the Code creates a presumption of insolvency for the 90 days preceding the commencement of the case. 11 U.S.C. § 547(f). As defined in Rule 301 of the Federal Rules of Evidence, the presumption has the effect of placing on the opposing party the burden of establishing the nonexistence of the presumed fact, once the party invoking the presumption establishes the basic facts giving rise to it. Fed. R.Evid. 301 Advisory Committee Notes.